IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES HAMPTON, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　　v. )　　Civil Action No. 24-1070<br>)<br>)<br>PITTSBURGH REGIONAL TRANSIT, )<br>)<br>　　　　　Defendant. ) | |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is *pro se* Plaintiff Charles Hampton's Motion to Proceed In Forma Pauperis filed on July 26, 2024, (Docket No. 1), along with a proposed Complaint, which was lodged pending disposition of the IFP Motion. (Docket No. 1-1). For reasons set forth herein, Plaintiff's Motion will be denied without prejudice.

It is within the district court's discretion to determine whether a litigant may be granted leave to proceed in forma pauperis. *See Shahin v. Secretary of Delaware*, 532 F. App'x 123, 123 (3d Cir. 2013) (citing *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (granting of application to proceed IFP is committed to sound discretion of district court)); *Lewis v. Juniper Nursing*, Civ. No. 23-89, 2023 WL 359475, at *1 (W.D. Pa. Jan. 23, 2023) (Hardy, J.) (exercising discretion to grant IFP status in case involving close call because, "despite having a positive monthly cash flow and some additional assets, [the plaintiff was] not an individual of great financial means, particularly considering the cost of everyday living expenses and the possibility that unforeseen expenses could quickly deplete [his] modest savings and other assets"). As the

Third Circuit Court of Appeals has emphasized, "[w]hen exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.' " *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)).  However, the district court also must be cognizant that the purpose of the IFP statute "is to provide an entré, not a barrier, to the indigent seeking relief in federal court." *Id.* (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975)).  Although "[a] litigant need not be 'absolutely destitute' or contribute his or her 'last dollar' in order to qualify for in forma pauperis status," *Johnson v. Rothchild*, 741 F. App'x 52, 54 (3d Cir. 2018) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)), it is important to bear in mind that "the status is a privilege rather than a right." *Shahin*, 532 F. App'x at 123 (citing *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

After reviewing Plaintiff's IFP Motion in light of these legal principles, the Court concludes that his qualification for in forma pauperis status is unclear based on the information he has provided.  According to the IFP Motion, Plaintiff is employed, and his "take-home pay or wages" is $750 per week, which equates to $3,000 per month.  (Docket No. 1, ¶ 2).  Plaintiff has no other sources of income, he does not have a checking or savings account, and he does not have any other listed assets.  (*Id.*, ¶¶ 3-5).  Plaintiff lists "child support, storage fee, cell phone" as his regular monthly expenses, yet he does not "describe and provide the amount of [each] monthly expense" as required.  (*Id.*, ¶ 6).  In response to whether anyone is dependent on him for support and how much he contributes, Plaintiff states "[d]aughters and son **help pay[]** for schooling, activities, sports, college," (*id.*, ¶ 7) (emphasis added), which suggests that his children contribute to those expenses, but they may be partially dependent on him for some unspecified amount.  Accordingly, it is unclear whether and to what extent Plaintiff shares in his children's listed

expenses. Finally, Plaintiff states that he has no debts or financial obligations "at the time." (*Id.*, ¶ 8).

In summary, Plaintiff's IFP Motion clearly indicates that his take-home pay is $750 per week (or $3,000 per month), and he has no debts or financial obligations. Therefore, unlike many litigants seeking in forma pauperis status, Plaintiff has a positive monthly cash flow. Nevertheless, it is unclear whether Plaintiff's income is offset by any expenses because he has provided vague and/or incomplete responses to requests for relevant information. To repeat, although Plaintiff lists certain monthly expenses, he has not specified the amount of each expense as requested. (*See* Docket No. 1, ¶ 6). Furthermore, he suggests that he may contribute to some of his children's expenses, but it is unclear whether that is accurate based on the information provided. (*See id.*, ¶ 7). Consequently, the Court is unable to determine whether to exercise its discretion to grant Plaintiff leave to proceed in forma pauperis based on his IFP Motion as currently presented. However, given that Plaintiff need not be "absolutely destitute" or contribute his "last dollar" in order to qualify for in forma pauperis status, the Court will deny his IFP Motion without prejudice to him filing a supplement thereto which provides clear and complete responses to all requested information. If Plaintiff wishes to supplement his IFP Motion, he must do so by August 12, 2024, otherwise this case will be closed.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 29th day of July, 2024, IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis, (Docket No. 1), is DENIED WITHOUT PREJUDICE; and,

(2) To the extent Plaintiff wishes to supplement his Motion for Leave to Proceed In Forma Pauperis as discussed herein, he must do so by August 12, 2024.  If Plaintiff does not file a supplement to his Motion by August 12, 2024, the case will be closed.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc:  Charles Hampton (via U.S. mail)
3038 W. Liberty Avenue  7951
Pittsburgh, PA 15216